UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JEROME TALLEY, | Case No. 2:16-CV-2494 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| STATE OF WASHINGTON, | |
| Defendant(s). | |

Presently before the court is Magistrate Judge Koppe's report and recommendation regarding case no. 2:16-cv-02494-JCM-NJK. (ECF No. 2). While plaintiff did not file a formal objection to the report and recommendation, he indicates that he disagrees with its conclusion. (ECF Nos. 6 and 8).

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party fails to object to a magistrate judge's report and recommendation, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna–Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna–Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection.").

Nevertheless, this court finds it appropriate to engage in a *de novo* review to determine whether to adopt the recommendation of the magistrate judge.

**James C. Mahan**
**U.S. District Judge**

The abstention doctrine established in *Younger v. Harris*, "is an exception to the usual rule that federal courts should exercise the jurisdiction conferred on them by statute." 401 U.S. 37 (1971); *Gartrell Const. Inc. v. Aubry*, 940 F.2d 437, 441 (9th Cir. 1991). To determine whether *Younger* abstention applies in a case, a court should consider the following four analytical elements:

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves.

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008); *see also Logan v. U.S. Bank N.A.*, 722 F.3d 1163, 1167 (9th Cir. 2013).

The magistrate judge properly recited these elements and appropriately conducted the *Younger* analysis to reach her conclusion that abstention is warranted.

First, plaintiff has indicated that an ongoing, state-initiated proceeding is present. (*See, e.g.*, ECF No. 1-1) (discussing that the state of Washington issued a warrant for the plaintiff's arrest). The plaintiff also refers to a filed information and mentions, without great clarity, some kind of "extradition proceeding." (*See* ECF Nos. 7 at 5, 8 at 4). Thus, it appears that Washington has begun criminal proceedings against the plaintiff and that *Younger* therefore applies to this case. *See Texas Ass'n of Bus. v. Earle*, 388 F.3d 515, 520–21 (5th Cir. 2004); *see also Polykoff v. Collins*, 816 F.2d 1326, 1332 (9th Cir. 1987) ("[A]bstention under Younger may be required if the state proceedings have been initiated 'before any proceedings of substance on the merits have taken place in the federal court.'" (*quoting Hawaii Housing Authority v. Midkiff*, 467 U.S. 229, 238 (1984))).

Second, state criminal proceedings are important state interests for purposes of the present analysis. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) ("We have thus held that federal courts have the power to refrain from hearing cases that would interfere with a pending state criminal proceeding . . . .").

Third, plaintiff has not indicated why a case cannot be opened and similar relief be requested in the applicable state or federal jurisdiction in Washington. (*See, e.g.*, ECF No. 2).

Fourth, plaintiff's requested relief would certainly "enjoin the proceeding or have the practical effect of doing so . . . ." *City of San Jose*, 546 F.3d at 1092. In fact, the plaintiff appears to have commenced this case for the explicit purpose of enjoining criminal proceedings in Washington. (*See, e.g.*, ECF No. 1-1). Accordingly, this court concurs with the magistrate judge that *Younger* abstention in this case is proper.

While not a clear objection, plaintiff appears to disagree with the report and recommendation in his motion for an evidentiary hearing. (ECF No. 6 at 5) ("[I]t appears at first blush that a blind eye was taken to the lack of <u>a crime</u> . . . of <u>the silent</u> Report and Recommendation . . . ."). Further, plaintiff appears to argue, in his motion to amend the petition for a writ of injunction, that the report and recommendation should not be adopted by this court because it does not allow his case to be heard.[1] (ECF No. 8 at 3–5). Yet that consideration is explicitly accounted for in the third prong of the *Younger* analysis. *See City of San Jose*, 546 F.3d at 1092.

Plaintiff also seems to take the position in his motion to amend the petition for a writ of injunction—filed after the magistrate judge's report and recommendation—that he is not sure if there have been criminal proceedings against him. (ECF No. 8 at 3–4). Assuming *arguendo* that his earlier information is incorrect and that there is no ongoing criminal proceeding, then this case would not be ripe for adjudication. *See Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003) ("even in a case raising only prudential concerns, the question of ripeness may be considered on a court's own motion."); *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 662 (9th Cir. 2002). Indeed, dismissal based on prudential aspects of ripeness is proper "if [the claim] rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *See Scott*, 306 F.3d at 662 (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)).

Here, plaintiff—in a filing made after the magistrate judge submitted her report and recommendation—might appear unsure whether a state proceeding is ongoing. (ECF No. 8). If there is actually no state proceeding, then plaintiff escapes dismissal pursuant to *Younger* only to face dismissal for lack of ripeness. *See Scott*, 306 F.3d at 662. In fact, dismissal under the latter theory would advance the prudential considerations of ripeness jurisprudence because this court would avoid "premature adjudication" that risks the court "entangling [itself] in abstract

---

[1] The plaintiff's meaning, when referring to the report and recommendation, is not clear. (ECF No. 8 at 3–4).

**James C. Mahan**
**U.S. District Judge**

- 3 -

disagreements." *Id.* (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)).

Ultimately, it appears that plaintiff either faces dismissal under *Younger* abstention, per the magistrate judge's report and recommendation, or dismissal for lack of ripeness. Under either theory, this court will not adjudicate this case at this time.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and recommendation of Magistrate Judge Koppe, (ECF No. 2) be, and the same hereby are, ADOPTED, consistent with the foregoing.

IT IS FURTHER ORDERED that the case be, and the same hereby is, DISMISSED without prejudice, consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiff's motions, (ECF Nos. 3–8) be, and the same hereby are, DISMISSED as moot.

DATED November 16, 2016.

                                              /s/ James C. Mahan
                                              UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -